UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois 60604

Submitted March 30, 2005[*]
Decided April 5, 2005

Before

**Hon.** WILLIAM J. BAUER, Circuit Judge

**Hon.** RICHARD A. POSNER, Circuit Judge

**Hon.** FRANK H. EASTERBROOK, Circuit Judge

| | |
|---|---|
| EDDIE L. RAINEY,<br>    *Plaintiff-Appellant*,<br><br>**No.** 04-3364          **v.**<br><br>BRYAN SAMUELS, Director of the Illinois<br>Department of Children & Family Services, *et al.*<br>    *Defendants-Appellees*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 04 C 5485<br>Charles P. Kocoras, *Chief Judge*. |

**Order**

Eddie Rainey wants a federal court to annul a judgment entered by a state court that terminates his parental rights over four minor children. He also contends that both a state law concerning abused and neglected children and a contract between the state and a licensed child-welfare agency are unconstitutional.

This simple description of the claim reveals that it is barred in major part by the *Rooker-Feldman* doctrine, as the district judge held. See *Rooker v. Fidelity Trust Co.*, 263 U.S. 143 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed. R. App. P. 34(a); Cir. R. 34(f).

462 (1983). The doctrine reflects the principle that only the Supreme Court of the United States is entitled to exercise what amounts to appellate review over a judgment of the state judiciary in civil litigation. See *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, No. 03-1696 (U.S. Mar. 30, 2005). The injury about which Rainey complains was inflicted by the state court's judgment; the relief he seeks is cancellation of that judgment. The lower federal courts lack authority to provide that relief.

Rainey also wants an injunction against operation of the statute that undergirds the state court's decision. The apparent goal is to set up a collateral attack; if the statute is unconstitutional then the judgment is invalid and Rainey's parental rights might be restored. Although the *Rooker-Feldman* doctrine (as restated in *Exxon Mobil*) does not cover this indirect approach, it is nonetheless not an appropriate use of 42 U.S.C. §1983 for the reasons given in *Heck v. Humphrey*, 512 U.S. 477 (1994), and *Edwards v. Balisok*, 520 U.S. 641 (1997). These decisions hold that §1983 may not be used to obtain relief that implies the invalidity of a state court's judgment that binds the federal plaintiff *in personam*. Rainey was a party to the state court's judgment; the relief he now seeks implies that the judgment is invalid; the challenge to the statutes therefore may not be maintained while that judgment stands. (Rules of issue and claim preclusion, coupled with 28 U.S.C. §1738, would produce the same result.)

As for the contract: neither the complaint nor the appellate brief explains what, precisely, Rainey seeks to contest. Circle Family Care operates a child welfare agency. His brief says that Circle Family Care has at least once insisted that Rainey attend church. It appears that Circle Family Care offers "parent training," a program to help parents improve their skills and attitudes and thus be able to persuade the state court to restore children to their custody.

The state court's judgment does not authorize Circle Family Care to impose a religious hurdle, so *Heck* and *Edwards* do not block litigation about this subject. Because the demand affects Rainey's own conduct he suffers injury in fact and has standing to litigate even though he is a non-custodial parent. See *Crowley v. McKinney*, No. 02-3741 (7th Cir. Mar. 11, 2005), slip op. 11–14. Cf. *Elk Grove Unified School District v. Newdow*, 124 S. Ct. 2301 (2004).

If Circle Family Care made this demand as a matter of its own choice (rather than under the compulsion of a contract), then there is no constitutional problem. Operating a school or child-welfare agency does not make one a state actor, even if the state supplies most of the funds. See *Rendell-Baker v. Kohn*, 457 U.S. 830 (1982). Referring a parent to Circle Family Care for "parental training" is no better or worse, as a constitutional matter, than a state's recommendation that a parent use the services of Alcoholics Anonymous to reduce dependence on alcohol. (Prayer is part of the Alcoholics Anonymous program.)

The first amendment does not forbid the provision of all public funds to private actors that have their own religious preferences, provided that the state remains neutral between secular and sectarian views and offers choice to the private parties involved. See *Zelman v. Simmons-Harris*, 536 U.S. 639 (2002); *Freedom from Religion Foundation, Inc. v. McCallum*, 324 F.3d 880 (7th Cir. 2003). Rainey has not pro-

vided the court with a copy of the contract about which he complains, so we have no sufficient reason to think that the State of Illinois has *directed* Circle Family Care to demand that parents attend religious services, or that it has limited participation in its programs to agencies with religious affiliations. (The state's brief says that it has not directed child-welfare agencies to enforce religious conditions on access and does not favor religious entities in the contracting process. The state has provided us with part of the contract but not the whole thing, so we cannot be sure that its description is correct.) Nor does Rainey contend that religious entities are the only providers of "parental training" under contract with the state, so that he lacks an opportunity for choice. Moreover, Rainey has not named Circle Family Care as a defendant, so it is hard to see how the district court could require it to change its practices. Under these circumstances it would be imprudent to engage in constitutional adjudication.

Rainey has been careless in other ways about identifying the litigants. The complaint names "Illinois Department of Children and Family Services Director: Mr. Jess McDonald" as if the Department and the Director were a single party. They would be, if the only relief were sought against the Director in his official capacity, but Rainey also wants money damages. So we treat this case as having two defendants: McDonald in his individual capacity, and the current director (Bryan Samuels) in his official capacity. The agency is not itself a proper party, as it is an arm of the state and therefore not a "person" for purposes of §1983. See, e.g., *Lapides v. University of Georgia*, 535 U.S. 613, 617–18 (2002).

Both McDonald and Samuels are entitled to prevail. Rainey does not allege any basis of damages liability, indeed does not allege that McDonald did *anything* other than serve as the agency's head. There is no doctrine of "supervisory liability" under §1983. Cf. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978). And the official-capacity claim fails for the reasons we have covered. (Rainey's other arguments do not require separate discussion.) Accordingly, the judgment of the district court is

AFFIRMED.